UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY E. BELL, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security,<br><br>    Defendant. | No. CV 12-5927 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration[1] denying his application for Disability Insurance benefits. Plaintiff and defendant consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the Case Management Order entered on July 12, 2012, on March 26, 2013, the parties filed a Joint Stipulation detailing each party's arguments and authorities. The Court has reviewed the administrative record, filed by defendant on January 10, 2013, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and the matter is remanded for further proceedings.

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration of February 14, 2013 and is hereby substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

**CONTENTIONS**

Plaintiff raises two contentions in this action:

1. Whether the ALJ properly considered the treating physicians' opinions; and
2. Whether the ALJ properly evaluated plaintiff's testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

**DISCUSSION**

Given the relationship between the two issues, it is appropriate to resolve Issue 2 before addressing Issue 1.

/ / /

/ / /

Issue 2: <u>Plaintiff's credibility</u>.

Plaintiff asserts that the ALJ improperly rejected plaintiff's testimony concerning his subjective symptoms.

Once a claimant produces medical evidence of an underlying impairment that is reasonably likely to cause the alleged symptoms, medical findings are not required to support their alleged severity. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, an ALJ may reject a claimant's allegations upon: (1) finding evidence of malingering; or (2) providing clear and convincing reasons for so doing. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).

In the absence of evidence of malingering, an ALJ may consider, *inter alia*, the following factors in weighing the claimant's credibility: (1) inconsistencies in either the claimant's testimony or between the claimant's testimony and his conduct; (2) his work record; (3) his daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. § 404.1529(c); Social Security Ruling ("S.S.R.") 96-7p, 1996 WL 374186 (S.S.A.). The ALJ may also use "ordinary techniques of credibility evaluation." *Thomas*, 278 F.3d at 960. The ALJ's credibility determination is entitled to deference if his reasoning is supported by substantial evidence in the record and is "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony . . . ." *Bunnell*, 947 F.2d at 345 (internal quotation marks omitted).

The ALJ provided the following reason for discrediting plaintiff's testimony:
> "[plaintiff's] statements that he exhibits significant physical functional limitations is inconsistent with the September 2009 statements of his wife, Nancy Bell, that [plaintiff] drives a car every day, regularly goes shopping for groceries, and performs household chores such as laundry and meal preparation (Exhibit 4E/3-4). It is reasonable to assume that if [plaintiff]

>had a truly debilitating physical impairment or combination of
>impairments, he would not be able to engage in this [sic] multiple activities
>requiring physical ability."

AR 30.

The ALJ appears to have miscomprehended plaintiff's wife's September 2009 statement. Nowhere does she state that plaintiff drives a car everyday. (*See* AR 185 "How often does this person go outside? everyday. . . . When going out, how does he/she travel? (*Check all that apply*.) Drive a car. Ride in a car.") Similarly, Mrs. Bell's statements that plaintiff "occasionally" does some laundry and light housework and two to three times a week prepares himself a sandwich are not inconsistent with the alleged disability. Moreover, the law does not require a claimant to be a vegetable in order to warrant a disability finding. "[T]he mere fact that a plaintiff has carried on certain daily activities such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Therefore, remand is required for the ALJ to assess plaintiff's credibility using the proper standards.

Issue 1.   <u>Whether the ALJ properly considered the treating doctors' opinions</u>.

Plaintiff contends that the ALJ did not properly evaluate the treating doctors' opinions.

In evaluating physicians' opinions, the case law and regulations distinguish among three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither treat nor examine the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *limited on other grounds*, *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1502, 404.1527(d). As a

general rule, more weight should be given to the opinion of a treating source than to the opinions of physicians who do not treat the claimant. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987); *see also* 20 C.F.R. § 404.1527(d)(2).

The Ninth Circuit has held that an ALJ may reject a treating physician's contradicted opinion only with "specific and legitimate" reasons, supported by substantial evidence in the record. *Lester*, 81 F.3d at 830; *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001). "The ALJ could meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks omitted).

Here, the opinion of Dr. Kim, plaintiff's treating orthopaedic physician was contradicted by the opinion of Dr Yu, the consultative examining orthopaedic surgeon. Therefore, the ALJ was required to state specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Kim's opinion. The ALJ reviewed the medical evidence (AR 26, 31) and concluded that Dr. Kim's opinion was

> "not supported by any imaging studies of [plaintiff's] elbows, right hands, knees, and hips, which would justify the degree of limitation stated by these physicians. It appears that these treating physicians have accepted without question [plaintiff's] subjective complaints and have developed assessments of [plaintiff's] residual functional capacity which reflect [plaintiff's] subjective complaints rather than reflect limitations based on objective medical evidence."

AR 31.

The first reason, that Dr. Kim's opinion is not supported by imaging studies is unclear in light of the x-rays and MRI scans in the record. These records show abnormalities. Whether the abnormalities shown are sufficient to impose the limitations found by Dr. Kim is a different question. A question that does not appear to be answered by the record. The examining orthopaedic surgeon did not mention these

records. The medical consultant, who apparently reviewed these records (*see* AR 434), did not specifically address their significance. In any event, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 831.

The second reason, that Dr. Kim was influenced by plaintiff's complaints, is also insufficient. Although an opinion of disability that is "premised to a large extent upon the claimant's own accounts of his symptoms and limitations" may be disregarded where those complaints have been properly discounted (*Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)), here the ALJ did not properly discount plaintiff's testimony.

The ALJ provided the same two reasons cited above for rejecting the opinion of Dr. Schwinger, the treating cardiologist. Here, the ALJ reviewed medical records that seemed to contradict Dr. Schwinger's opinion. (*See* AR 26.) However, the ALJ did not rely on those records, instead expressly basing his rejection on the purported lack of imaging studies regarding plaintiff's elbows, hands, knees, and hips and plaintiff's lack of credibility. The first reason does not apply to plaintiff's heart condition at all. The second reason is insufficient for the same reason expressed above.

Therefore, remand is required with respect to this issue.

## CONCLUSION

For the foregoing reasons, the judgement of the Commissioner is reversed and the matter is remanded for further proceedings.

IT IS SO ORDERED.

DATED: July 3, 2013

                                              /S/ FREDERICK F. MUMM
                                                FREDERICK F. MUMM
                                         United States Magistrate Judge